# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
10/25/2022
CT Log Number 542561732

## Service of Process Transmittal Summary

**TO:**  LEGAL DEPARTMENT - SOP
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

**RE:**  **Process Served in California**

**FOR:**  Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ROALD NILSEN, an individual // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment, Notice |
| **COURT/AGENCY:** | Santa Clara County Superior Court of California, CA<br>Case # 22CV404679 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2016 Tesla X, VIN No. 5YJXCAE40GF000177 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/25/2022 at 13:54 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Sepehr Daghighian<br>CALIFORNIA CONSUMER ATTORNEYS, P.C.<br>10866 Wilshire Blvd, Suite 1200<br>Los Angeles, CA 90024<br>310-872-2600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/26/2022, Expected Purge Date: 10/31/2022<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
10/25/2022
CT Log Number 542561732

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Tue, Oct 25, 2022
**Server Name:**                    Jimmy Lizama

| Entity Served | TESLA, INC. |
|---------------|-------------|
| Case Number | 22CV404679 |
| Jurisdiction | CA |

| Inserts | | |
|---------|---|---|
| | | |



**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

#209858

| | FOR OFFICE USE ONLY |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 TESLA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 ROALD NILSEN, an individual

E-FILED
9/26/2022 9:44 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV404679
Reviewed By: P. Newton
Envelope: 10051472

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

 You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

 There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: County of Santa Clara Superior Court *(El nombre y dirección de la corte es):* Downtown Superior Court, 191 North First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* 22CV404679 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sepehr Daghighian, Esq., CALIFORNIA CONSUMER ATTORNEYS, P.C.
10866 Wilshire Blvd, Suite 1200, Los Angeles, CA 90024 – Tel: (310) 872-2600

| DATE: *(Fecha)* 9/26/2022 9:44 AM | Clerk of Court | Clerk, by *(Secretario)* P. Newton | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TESLA, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
9/26/2022 9:44 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV404679
Reviewed By: P. Newton

**CALIFORNIA CONSUMER ATTORNEYS, P.C.**
Michael H. Rosenstein (SBN 169091)
mhr@calattorneys.com
Sepehr Daghighian (SBN 239349)
sd@calattorneys.com
Michael William Oppenheim (SBN 331956)
mwo@calattorneys.com
10866 Wilshire Blvd, Suite 1200
Los Angeles, CA 90024
Telephone: (310) 872-2600
Facsimile: (310) 730-7377

Attorneys for Plaintiff,
**ROALD NILSEN**

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

22CV404679

| | |
|---|---|
| ROALD NILSEN, an individual , <br><br> Plaintiff, <br><br> vs. <br><br> TESLA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: _____ <br> Unlimited Jurisdiction <br><br> **COMPLAINT** <br><br> 1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY** <br><br> 2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY** <br><br> 3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2(b)** <br><br> 4. **VIOLATION OF MAGNUSSON-MOSS WARRANTY ACT** |

-1-
COMPLAINT

Plaintiff, ROALD NILSEN, an individual, alleges as follows against Defendants TESLA, INC., a Delaware Corporation ("Tesla, Inc."), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## DEMAND FOR JURY TRIAL

1.      Plaintiff, Roald Nilsen, hereby demands trial by jury in this action.

## GENERAL ALLEGATIONS

2.      Plaintiff, Roald Nilsen, is an individual residing in the City of San Jose, State of California.

3.      Defendant Tesla, Inc. is and was a Delaware Corporation operating and doing business in the State of California.

4.      These causes of action arise out of the warranty obligations of Tesla, Inc. in connection with a vehicle purchased by Plaintiff and for which Tesla, Inc. issued a written warranty.

5.      Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure.  Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

6.      All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

7.      Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

8.      On February 3, 2020, Plaintiff purchased a used 2016 Tesla X, having VIN No. 5YJXCAE40GF000177 ("the Subject Vehicle"). Express warranties accompanied the sale of the

-2-

COMPLAINT

1 | Subject Vehicle to Plaintiff by which Tesla, Inc. undertook to preserve or maintain the utility or
2 | performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or
3 | performance.

9.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, interior component defects, electrical defects, suspension system defects and other serious nonconformities to warranty.

10.     Plaintiff hereby revokes acceptance of the sales contract.

11.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

12.     Plaintiff is a "buyer" of consumer goods under the Act.

13.     Defendant Tesla, Inc. is a "manufacturer" and/or "distributor" under the Act.

14.     To the extent that one or more class action lawsuits have been filed or are filed with respect to the nonconformities affecting Plaintiff's vehicle, without conceding the necessity of supplying such notice, Plaintiff hereby provides notice to Defendant and/or Defendant's agents of Plaintiff's intent to opt-out and be excluded from the settlement class of said class action lawsuit(s).

15.     Plaintiff hereby demands trial by jury in this action.

### FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

16.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

17.     Express warranties accompanied the sale of the vehicle to Plaintiff by which Tesla, Inc. undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

18.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, interior component defects, electrical defects, suspension system

1    defects and other serious nonconformities to warranty.

2        19.    Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil

3    Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or

4    household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

5        20.    Plaintiff is the "buyer" of consumer goods under the Act.

6        21.    Defendant Tesla, Inc. is a "manufacturer" and/or "distributor" under the Act.

7        22.    The foregoing defects and nonconformities to warranty manifested themselves in the

8    Subject Vehicle within the applicable express warranty period. The nonconformities substantially

9    impair the use, value and/or safety of the vehicle.

10        23.    Plaintiff delivered the vehicle to an authorized Tesla, Inc. repair facility for repair of

11    the nonconformities.

12        24.    Defendant was unable to conform Plaintiff's vehicle to the applicable express after a

13    reasonable number of repair attempts.

14        25.    Notwithstanding Plaintiff's entitlement, Defendant Tesla, Inc. has failed to either

15    promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-

16    Beverly Act.

17        26.    By failure of Defendant to remedy the defects as alleged above, or to issue a refund

18    or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

19        27.    Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle

20    less that amount directly attributable to use by the Plaintiff prior to the first presentation of the

21    nonconformities.

22        28.    Plaintiff is entitled to all incidental, consequential, and general damages resulting

23    from Defendant's failure to comply with its obligations under the Song-Beverly Act.

24        29.    Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a

25    sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

26    incurred in connection with the commencement and prosecution of this action.

27        30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in

28    addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages

-4-
COMPLAINT

1 | for Tesla, Inc.'s willful failure to comply with its responsibilities under the Act.

2 | ## SECOND CAUSE OF ACTION

3 | ### Violation of the Song-Beverly Act – Breach of Implied Warranty

4 | 31.    Plaintiff incorporates herein by reference each and every allegation contained in the
5 | preceding and succeeding paragraphs as though herein fully restated and re-alleged.

6 | 32.    Tesla, Inc. and its authorized dealership at which Plaintiff purchased the Subject
7 | Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject
8 | Vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under
9 | the law.

10 | 33.    Among other warranties, the sale of the Subject Vehicle was accompanied by an
11 | implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

12 | 34.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are
13 | used because it was equipped with one or more defective vehicle systems/components.

14 | 35.    The Subject Vehicle did not measure up to the promises or facts stated on the
15 | container or label because it was equipped with one or more defective vehicle systems/components.

16 | 36.    The Subject Vehicle was not of the same quality as those generally acceptable in the
17 | trade because it was sold with one or more defective vehicle systems/components which manifest as
18 | interior component defects, electrical defects, suspension system defects and other serious
19 | nonconformities to warranty.

20 | 37.    Upon information and belief, the defective vehicle systems and components were
21 | present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied
22 | warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other
23 | applicable laws.

24 | 38.    Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil
25 | Code, section 1794, *et seq*;

26 | 39.    Plaintiff hereby revokes acceptance of the Subject Vehicle.

27 | 40.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section
28 | 1794, *et seq.*

-5-

41.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

42.     Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

43.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44.     Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

45.     Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

46.     Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

47.     The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, including the electrical system.

48.     Plaintiff delivered the Subject Vehicle to Tesla, Inc.'s authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to a nonconformities to the express warranties that accompanied the sale of the Subject Vehicle.

49.     Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and Tesla, Inc. has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set

1    forth in Civil Code section 1793.2(b).

2         50.    Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil

3    Code, section 1794, *et seq*;

4         51.    Plaintiff hereby revokes acceptance of the Subject Vehicle.

5         52.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section

6    1794, *et seq.*

7         53.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794,

8    *et seq.* and Commercial Code, section 2711.

9         54.    Plaintiff is entitled to recover any "cover" damages under Commercial Code sections

10   2711, 2712, and Civil Code, section 1794, *et seq.*

11        55.    Plaintiff is entitled to recover all incidental and consequential damages pursuant to

12   1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

13        56.    Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two

14   times the amount of actual damages in that Tesla, Inc. has willfully failed to comply with its

15   responsibilities under the Act.

16   **FOURTH CAUSE OF ACTION**

17   **Violation of the Federal Magnuson-Moss Warranty Act**

18        57.    Plaintiff incorporates herein by reference each and every allegation contained in the

19   preceding paragraphs as though herein fully restated and re-alleged.

20        58.    Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred

21   to as "Mag-Moss"), 15 U.S.C. § 2301(3).

22        59.    Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C.

23   § 2301(4), 15 U.S.C. § 2301(5).

24        60.    Express warranties provided by Tesla, Inc. accompanied the sale of the vehicle to

25   Plaintiff by which Tesla, Inc. undertook to preserve or maintain the utility or performance of

26   Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

27        61.    Plaintiff performed all terms, conditions, covenants, promises and obligations

28   required to be performed on Plaintiff's part under the terms of the purchase agreement, and express

1   warranty and implied warranty except for those terms and conditions, covenants, promises and

2   obligations or payments for which performance and/or compliance has been excused by the acts

3   and/or conduct of the Defendants and/or by operation of law.

4        62.    Unfortunately, the Subject Vehicle was delivered to Plaintiff with serious defects and

5   nonconformities to warranty and developed other serious defects and nonconformities to warranty

6   including, but not limited to the engine issues resulting in loss of power, vehicle shaking, shifting

7   problems, and other serious nonconformities to warranty, which Tesla, Inc. was unable to repair

8   within a reasonable amount of time.

9        63.    The foregoing defects and nonconformities to warranty manifested themselves in the

10  Subject Vehicle within the applicable express warranty period. The nonconformities substantially

11  impair the use, value and/or safety of the vehicle.

12       64.    Plaintiff delivered the vehicle to an authorized Tesla, Inc. repair facility for repair of

13  the nonconformities.

14       65.    Tesla, Inc. was unable to conform Plaintiff's vehicle to the applicable express

15  warranties within a reasonable time.

16       66.    Notwithstanding Plaintiff's entitlement, Defendant Tesla, Inc. has failed to either

17  promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-

18  Beverly Act.

19       67.    By failing to remedy the defects as alleged above, or to issue a refund or replacement

20  vehicle, Tesla, Inc. violated the Mag-Moss Act when it breached the express warranties by failing

21  to repair the defects and nonconformities, or to replace the Subject Vehicle.

22       68.    As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff

23  has been damaged in the form of general, special and actual damages in an amount within the

24  jurisdiction of this Court, according to proof at trial.

25       69.    Under the Mag-Moss Act, Plaintiff is entitled to rescission of the contract, and

26  reimbursement of the amount paid under the purchase agreement.

27       70.    Plaintiff is also entitled to all incidental, consequential, and general damages resulting

28  from Defendant's failure to comply with its obligations under the Mag-Moss Act.

1        71.    Plaintiff is further entitled under the Mag-Moss Act to recover as part of the judgment

2 a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

3 incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C.

4 § 2310(d)(2).

5        72.    Because Defendant willfully violated the law, Plaintiff is entitled in addition to the

6 amounts recovered, a civil penalty of up to two times the amount of actual damages for Tesla, Inc.'s

7 willful failure to comply with its responsibilities under the Mag-Moss Act.

8 **PRAYER FOR RELIEF**

9 WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

10   1.    For general, special and actual damages according to proof at trial;

11   2.    For rescission of the purchase contract and restitution of all monies expended;

12   3.    For diminution in value;

13   4.    For incidental and consequential damages according to proof at trial;

14   5.    For civil penalty in the amount of two times Plaintiff's actual damages;

15   6.    For prejudgment interest at the legal rate;

16   7.    For reasonable attorney's fees and costs and expenses of suit; and

17   8.    For such other and further relief as the Court deems just and proper under the

18          circumstances.

19

20 Dated:  September 26, 2022      **CALIFORNIA CONSUMER ATTORNEYS, P.C.**

21

22 Michael H. Rosenstein, Esq.
Sepehr Daghighian, Esq.

23 Michael William Oppenheim, Esq.
Attorneys for Plaintiff,

24 **ROALD NILSEN**

25 Plaintiff, **ROALD NILSEN**, hereby demands trial by jury in this action.

26

27

28

-9-
COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael H. Rosenstein (SBN 169091) | Sepehr Daghighian (SBN 239349)
CALIFORNIA CONSUMER ATTORNEYS, P.C.
10866 Wilshire Blvd, Suite 1200, Los Angeles, CA 90024

TELEPHONE NO.: (310) 872-2600    FAX NO. *(Optional):* (310) 730-7377
E-MAIL ADDRESS: mhr@calattorneys.com | sd@calattorneys.com
ATTORNEY FOR *(Name):* Plaintiff: Roald Nilsen

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/26/2022 9:44 AM
Reviewed By: P. Newton
Case #22CV404679
Envelope: 10051472**

CASE NAME:
Roald Nilsen v. Tesla, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV404679 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [X] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 26, 2022

Sepehr Daghighian, Esq.
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Santa Clara – Civil

**ATTACHMENT CV-5012**Chavez

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

22CV404679

CASE NUMBER: _____

---

## PLEASE READ THIS ENTIRE FORM

---

_**PLAINTIFF**_ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

_**DEFENDANT**_ (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

_**RULES AND FORMS:**_  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_**CASE MANAGEMENT CONFERENCE (CMC):**_  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: Manoukian, Socrates P _____   Department: ____20_____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: 02/28/2023 Time: 3pm _____ in Department: ____20_____

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in Department:_____

---

_**ALTERNATIVE DISPUTE RESOLUTION (ADR):**_  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_**WARNING:**_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Reset Form

---