1

2

3                 **UNITED STATES DISTRICT COURT**

4               **NORTHERN DISTRICT OF CALIFORNIA**

5                      **SAN JOSE DIVISION**

6

7    ROALD NILSEN,                          Case No.  22-cv-07472-BLF

8              Plaintiff,

9         v.                               **ORDER GRANTING IN PART AND**
                                           **DENYING IN PART MOTION TO**
10   TESLA, INC.,                          **DISMISS; DENYING MOTION TO**
                                           **STRIKE**
11             Defendant.
                                           [Re:  ECF No. 12]

12

13         This is a lemon law case involving an allegedly defective 2016 Tesla X that Plaintiff Roald

14   Nilsen purchased in 2020.  Nilsen asserts claims under state and federal law against Defendant

15   Tesla, Inc., for alleged its breaches of express and implied warranties.  Tesla moves to dismiss

16   Nilsen's claims under Federal Rule of Civil Procedure 12(b)(6) and to strike Nilsen's requests for

17   certain remedies under Federal Rule of Civil Procedure 12(f).  Mot., ECF No. 12; *see also* Reply,

18   ECF No. 19.  Nilsen opposes Tesla's motion.  Opp'n, ECF No. 17.

19         This matter is suitable for determination without oral argument.  *See* Civ. L.R. 7-1(b).  For

20   the following reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

21   The motion to strike is DENIED.

22   **I.    BACKGROUND**

23         On February 3, 2020, Nilsen purchased a used 2016 Tesla X.  Compl. ¶ 8.  Nilsen alleges

24   that "[e]xpress warranties accompanied the sale of the vehicle."  *Id.*

25         Nilsen alleges that the vehicle was delivered to him with "serious defects and

26   nonconformities to warranty and developed other serious defects and nonconformities to warranty

27   including, but not limited to interior component defects, electrical defects, suspension system

28   defects."  *Id.* ¶ 9.

United States District Court
Northern District of California

1    Nilsen brings four claims against Tesla: (1) breach of express warranty under the Song-

2 Beverly Act; (2) breach of implied warranty under the Song-Beverly Act; (3) violation of the

3 California Civil Code § 1793.2(b); and (4) violation of the Magnusson-Moss Warranty Act.

4    **II.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

5       **A.    Legal Standard**

6    Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails

7 to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, the plaintiff

8 must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

9 *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts

10 that allow the court to "draw the reasonable inference that the defendant is liable for the

11 misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must

12 be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not

13 require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a

14 right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555, 570.

15    When determining whether a claim has been stated, the Court accepts as true all well-pled

16 factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP*

17 *Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as

18 true allegations that contradict matters properly subject to judicial notice" or "allegations that are

19 merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead*

20 *Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations

21 omitted).  On a motion to dismiss, the Court's review is limited to the face of the complaint and

22 matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986);

23 *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

24       **B.    DISCUSSION**

25          **1.    Breach of Express Warranty Under the Song-Beverly Act (Claim 1)**

26    Nilsen's first claim asserts that Tesla breached its express warranty under the Song-

27 Beverly Act ("SBA").  "The Song-Beverly Act is a remedial statute designed to protect consumers

28 who have purchased products covered by an express warranty."  *Rodriguez v. FCA US, LLC*, 77

1  Cal. App. 5th 209, 217 (2022) (quoting *Robertson v. Fleetwood Travel Trailers of California,*

2  *Inc.*, 144 Cal.App.4th 785, 798 (2006)).  "To that end, it regulates warranty terms and imposes

3  service and repair obligations on the parties who issue the warranties."  *Id.* (citing *Joyce v. Ford*

4  *Motor Co.*, 198 Cal. App. 4th 1478, 1486 (2011)).  A buyer "who is damaged by a failure to

5  comply with any obligation under [the SBA] . . . may bring an action for the recovery of damages

6  and other legal and equitable relief."  Cal. Civ. Code § 1794(a).

7       Nilsen seeks relief under the "refund or replace" provision of the SBA, California Civil

8  Code section 1793.2(d)(2).  *See* Compl. ¶ 26.  That provision states that "[i]f the manufacturer or

9  its representative in this state is unable to service or repair a new motor vehicle, as that term is

10  defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable

11  express warranties after a reasonable number of attempts, the manufacturer shall either promptly

12  replace the new motor vehicle . . . or promptly make restitution to the buyer."  Cal. Civ. Code

13  § 1793.2(d)(2).  The statute defines "new motor vehicle" in relevant part as "a new motor vehicle

14  that is bought or used primarily for personal, family, or household purposes," and specifies that

15  the definition includes "a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold

16  with a manufacturer's new car warranty."  Cal. Civ. Code § 1793.22(e)(2).

17       Tesla argues that Nilsen has failed to state a claim for breach of express warranty under the

18  SBA because his vehicle is not a "new motor vehicle."  *See* Mot. 11.  Relying on the California

19  Court of Appeal's recent decision in *Rodriguez v. FCA US, LLC*, 77 Cal. App. 5th 209 (2022),

20  Tesla argues that Nilsen has not alleged that his vehicle is a "new motor vehicle" under the SBA

21  because he admits he purchased it used and has not alleged that it came with a full new car

22  warranty from Tesla.  *Id.*  Nilsen responds that the Court should decline to follow *Rodriguez* and

23  instead follow *Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112 (1995), in which the

24  California Court of Appeal concluded that a "car[] sold with a balance remaining on the

25  manufacturer's new more vehicle warranty" is a "new motor vehicle" under the SBA.  Opp'n 11-

26  12 (citing *Jensen*, 35 Cal. App. 4th at 123).

27       In *Jensen*, the plaintiff sued a car manufacturer after the manufacturer could not repair

28  certain defects in the car she leased.  35 Cal. App. 4th 112, 119 (1995).  When the plaintiff leased

1    the car, the salesperson had "told [her] that the car had been used as a demonstrator for the

2    dealership," "said she would get the 36,000-mile warranty on top of the miles already on the car,"

3    "gave her the warranty booklet," and "wrote 'factory demo' on the credit application." *Id.* at 119-

4    20. Unknown to the plaintiff, however, the defendant had obtained the car in an out-of-state auto

5    action, and the car had been previously owned by a different entity. *Id.* at 120. On appeal, the

6    manufacturer challenged the trial court's pretrial ruling that the car was a "new motor vehicle"

7    under the SBA. *Id.* at 122. The Court of Appeal analyzed Section 1793.22(e)(2) and concluded

8    that "cars sold with a balance remaining on the manufacturer's new motor vehicle warranty are

9    included within [the SBA's] definition of 'new motor vehicle.'" *Id.* at 123, 126. The court

10    therefore held that the plaintiff's car qualified as new motor vehicle. *Id.* at 121, 123, 126.

11      In *Rodriguez*, a different division of the California Court of Appeal revisited the definition

12    of "new motor vehicle." 77 Cal. App. 5th at 225.[1] Contrary to the conclusion articulated in

13    *Jensen*, the *Rodriguez* court held that definition does not include "previously sold cars

14    accompanied by some balance of the original warranty." *Id.* The court distinguished *Jensen*,

15    noting that "*Jensen* involved a lease *by a manufacturer-affiliated dealer* who issued a *full new car

16    warranty* along with the lease." *Id.* at 223 (emphasis in original). The *Rodriguez* court also noted

17    that other California Court of Appeal decisions had limited *Jensen* to its facts and expressed

18    "reservations" about *Jensen's* seemingly broad holding. *Id.* at 224 (citing *Dagher v. Ford Motor

19    Co.*, 238 Cal. App. 4th 905 (2015) and *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334

20    (2019)).

21      The Court finds the California Court of Appeal's analysis in *Rodriguez* persuasive and

22    adopts it here. District courts reading *Rodriquez* and *Jensen* together have held that to state a

23    claim for breach of express warranty under the SBA, a consumer who purchased a used car must

24    allege that they were issued a full new car warranty by the manufacturer or its agent at the time of

25

26

27

28

---

[1] The California Supreme Court granted review of *Rodriguez* in July 2022. 295 Cal. Rptr. 3d 351 (2022) (mem.). It declined to depublish the opinion and explained that the Court of Appeal's opinion could be cited "not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority that would in turn allow trial courts to exercise discretion . . . to choose between sides of any such conflict." *Id.* (internal citation omitted).

1   purchase.  *See Pineda v. Nissan N. Am., Inc.*, No. CV 22-239-DMG (JCX), 2022 WL 2920416, at

2   *3 (C.D. Cal. July 25, 2022); *cf. also Edwards v. Mercedes-Benz USA, LLC*, No. CV 21-2671-

3   RSWL-JCX, 2022 WL 5176869, at *3 (C.D. Cal. Oct. 5, 2022) ("[W]hen a consumer purchases a

4   used vehicle, they may only invoke the Act's protections if the manufacturer or its agent furnished

5   a new warranty at the time of the sale.").  Here, Nilsen bought a used car and nowhere alleges that

6   Tesla issued him a full new car warranty at the time of purchase.  Nilsen has therefore not stated a

7   claim for breach of express warranty under the SBA.  Although it is unclear whether Nilsen can

8   allege sufficient facts consistent with the *Rodriguez* requirements, the Court will allow Plaintiff

9   the opportunity to amend.

10       Tesla's motion to dismiss Nilsen's claim for breach of express warranty under the SBA is

11   GRANTED WITH LEAVE TO AMEND.

12              **2.  Breach of Implied Warranty Under the Song-Beverly Act (Claim 2)**

13       Nilsen's second claim is for breach of implied warranty under the SBA.  Compl. ¶¶ 31-42.

14   Tesla moves to dismiss this claim on the ground that Nilsen has not alleged that Tesla was

15   involved in the sale of the vehicle to Nilsen. Mot. 13.  Nilsen responds that his allegations are

16   sufficient because he alleged that "Tesla's express warranties accompanied his purchase of his

17   vehicle," and therefore "it is possible Tesla issued its warranty at the Subject Vehicle's sale and,

18   therefore, stepped into the role of the retailer." Opp'n 15.

19       Under the SBA, "every sale of consumer goods that are sold at retail in this state shall be

20   accompanied by the manufacturer's and the retail seller's implied warranty that the goods are

21   merchantable."  Cal. Civ. Code § 1792.  "'Consumer goods' means any new product or part

22   thereof that is used, bought, or leased for use primarily for personal, family, or household

23   purposes."  Cal. Civ. Code § 1791(a).  Section 1795.5 extends the SBA to "used consumer goods."

24   It states that "[i]t shall be the obligation of the distributor or retail seller making express warranties

25   with respect to used consumer goods (and not the original manufacturer, distributor, or retail seller

26   making express warranties with respect to such goods when new) to maintain sufficient service

27   and repair facilities within this state to carry out the terms of such express warranties."  Cal. Civ.

28   Code § 1795.5(a).  If further states that "[t]he duration of the implied warranty of

United States District Court
Northern District of California

1  merchantability . . . with respect to used consumer goods sold in this state, where the sale is

2  accompanied by an express warranty, shall be coextensive in duration with an express warranty

3  which accompanies the consumer goods."  Cal. Civ. Code § 1795.5(c).

4       In general, "only distributors or sellers of *used* goods—not manufacturers of *new* goods—

5  have implied warranty obligations in the sale of *used goods*."  *E.g.*, *Nunez v. FCA US LLC*, 61 Cal.

6  App. 5th 385, 399 (2021) (emphasis in original) (citing Cal. Civ. Code § 1795.5).  "Of course, . . .

7  the assumption baked into section 1795.5 is that the manufacturer and the distributor/retailer are

8  distinct entities."  *Id.* (quoting *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334, 339

9  (2019)).  Where, for example, a manufacturer partners with a dealership to sell used vehicles

10  directly to the public by offering an express warranty as part of the sales package, the

11  manufacturer steps into the role of a retailer and is subject to the obligations of a retailer under

12  Section 1795.5.  *Kiluk*, 43 Cal. App. 5th at 340.

13       Here, Nilsen's claim fails because Nilsen alleges no facts to support an inference that Tesla

14  itself sold him his used car or otherwise stepped into the role of a retailer.  Nilsen argues that Tesla

15  stepped into the role of the retailer because "Tesla's express warranties accompanied his purchase

16  of the vehicle."  Opp'n 15.  But Nilsen does not allege that Tesla was involved in the sale of his or

17  any other used vehicle or offered an express warranty as part of the sale of his or any other used

18  vehicle.  Nilsen has therefore not plausibly alleged that Tesla is a "retailer" within the meaning of

19  the SBA.  *See, e.g.*, *Lemke-Vega v. Mercedez-Benz USA, LLC*, 23-cv-1408-DMR, 2023 WL

20  3604318, at *5 (N.D. Cal. May 22, 2023) (complaint "does not allege facts to support a reasonable

21  inference that [defendant] 'stepped into the role of a retailer'" where "[plaintiff] alleges only that

22  she purchased the subject vehicle and that express warranties by [defendant] accompanied the

23  sale"); *see also Hashmi v. Mercedes-Benz USA, LLC*, No. 2:21-cv-07291-AC (AFMx), 2021 WL

24  8317124, at *6 (C.D. Cal. Dec. 28, 2021) ("Song-Beverly's implied warranty protections apply to

25  sales of used goods, when those sales involve issuances of express warranties; but these

26  protections do not apply to sales in which a used good is sold before already attached warranties

27  expire.").  Accordingly, Nilsen has failed to state a claim for breach of implied warranty under the

28  SBA.

1   Tesla's motion to dismiss Nilsen's claim for breach of implied warranty under the SBA is

2   GRANTED WITH LEAVE TO AMEND.

3   **3.  Violation of California Civil Code Section 1793.2(b) (Claim 3)**

4   Nilsen's third claim for relief asserts that Tesla violated California Civil Code Section

5   1793.2(b).  That statute provides that manufacturers of consumer goods sold in California and for

6   which the manufacturer has made an express warranty shall "service[ ] or repair[ ]" the consumer

7   goods "so as to conform to the applicable warranties within 30 days."  Cal. Civ. Code § 1793.2(b).

8   Tesla moves to dismiss this claim on the ground that "Plaintiff has failed to plead . . . that

9   Tesla took longer than 30 days to complete any single repair attempt" as required under *Schick v.*

10  *BMW of N. Am., LLC*, 801 F. App'x 519 (9th Cir. 2020).  Mot. 15.  Tesla also argues that the

11  allegations supporting this claim are vague and conclusory.  *Id.*  Nilsen responds that the Court

12  should not follow *Schick* because the opinion "limits, rather than furthers the [SBA's] remedial

13  purpose."  Opp'n 17.  Nilsen argues that its allegations that "Defendant's authorized repair

14  facilities did not 'conform the Subject vehicle to warranty within 30-days' or commence repairs

15  'within a reasonable time'" are sufficient to plausibly state a claim for relief.  *Id.*

16  In *Schick*, the Ninth Circuit held that section 1793.2(b)'s 30-day requirement applies per

17  repair facility visit.  801 F. App'x at 521 ("under any reasonable reading of the statute, § 1793.2(b)

18  requires only that BMW complete any *single* repair attempt within 30 days" (emphasis in

19  original)).  "Thus, in order to state a claim under Section 1793.2(b) of the Act, a plaintiff must

20  plead that a single repair attempt took the defendant more than 30 days to complete."  *Herrera v.*

21  *Ford Motor Co.*, No. 20-CV-00395-LHK, 2020 WL 3451328, at *4-5 (N.D. Cal. June 24, 2020);

22  *see also Ortega v. BMW of N. Am., LLC*, No. 2:18-CV-06637-R-SK, 2019 WL 9044692, at *4

23  (C.D. Cal. Oct. 16, 2019); *Houston v. Country Coach, Inc.*, No. C 07-00859 HRL, 2008 WL

24  2783485, at *9 (N.D. Cal. July 17, 2008).

25  Here, the Complaint alleges only that Nilsen "delivered the Subject Vehicle to [Tesla's]

26  authorized service representatives on multiple occasions" and that Tesla's "authorized facilities

27  did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a

28  reasonable time."  Compl. ¶¶ 48, 49.  The Complaint does not allege that any individual repair

1    attempt was not completed within 30 days.  Accordingly, the Complaint fails to state a claim for

2    violation of Section 1793.2(b).  Again, although Plaintiff does not describe additional facts he

3    could allege to support this claim, the Court will allow him to try.

4          Tesla's motion to dismiss Nilsen's claim for violation of California Civil Code Section

5    1793.2(b) is GRANTED WITH LEAVE TO AMEND.

6                    **4.   Violation of the Magnuson-Moss Warranty Act (Claim 4)**

7          Nilsen's fourth claim for relief asserts that Tesla violated the Magnuson-Moss Warranty

8    Act (MMWA).  Compl. ¶¶ 57-42.  Tesla argues that Nilsen fails to state a claim under the MMWA

9    because he has not alleged that he complied with Tesla's "dispute settlement requirements."  Mot.

10   20-21.  Nilsen responds that "[p]laintiffs have sustained their Magnuson-Moss claims without first

11   resorting to the manufacturer's information dispute procedure where the information was not

12   properly displayed on the face of the warranty."  Opp'n 19 (quotations omitted).  Nilsen contends

13   that Tesla's informal dispute resolution procedure does not meet the requirements of the MMWA,

14   and therefore Nilsen was excused from complying with it.  *Id.* at 20.

15         The Court finds that Nilsen's MMWA claim is not subject to dismissal for failure to plead

16   compliance with Tesla's informal dispute resolution procedures.  Numerous courts have held that

17   failure to participate in the warrantor's informal dispute settlement procedure is an affirmative

18   defense that a plaintiff need not negate the complaint.  *See Lessin v. Ford Motor Co.*, No. 3:19-

19   CV-01082-AJB-AHG, 2020 WL 6544705, at *6 (S.D. Cal. Nov. 6, 2020); *Glenn v. Hyundai*

20   *Motor Am.*, No. SA CV 15-2052-DOC-KESx, 2016 WL 3621280, at *14 (C.D. Cal. June 24,

21   2016); *Lohr v. Nissan N. Am., Inc.*, No. C16-1023RSM, 2017 WL 1037555, at *8 (W.D. Wash.

22   Mar. 17, 2017); *cf. also Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1040, 1043

23   (9th Cir. 2011) (holding that § 2310(a) is a prudential and not jurisdictional prerequisite to filing

24   an MMWA claim and that failure to exhaust is an affirmative defense "that may be defeated by

25   compelling reasons").  The Court finds that Nilsen's failure to allege that he complied with Tesla's

26   informal dispute resolution procedures does not provide a basis to dismiss his MMWA claim.

27         Tesla's motion to dismiss Nilsen's MMWA claim is DENIED.

28

United States District Court
Northern District of California

### 5. Request to Add Claims Under California Commercial Code

Nilsen has requested that it be permitted to include claims under the California Commercial Code in an amended pleading. Opp'n 13-14. Tesla does not oppose this request. Reply 5. Nilsen may include such claims in any amended pleading.

## III. MOTION TO STRIKE

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Id.* "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.*

### B. Discussion

Tesla requests that the Court strike (1) "all reference to recovery of replacement or restitution and related damages pursuant to Plaintiff's third cause of action" on the basis that California Civil Code § 1793.2(b) does not allow for such remedies, Mot. 4-5, 18; and (2) "Plaintiff's request for reimbursement of the amount paid under the purchase agreement, as well as his prayer for incidental, consequential, and general damages which Plaintiff alleges result from Defendant's liability under the Magnuson-Moss Act" on the basis that Plaintiff has no grounds to

United States District Court
Northern District of California

1   bring its MMWA claim, Mot. 21.

2       Tesla's request to strike "all reference to recovery of replacement or restitution and related

3   damages" in Nilsen's claim under Section 1793.2(b) is DENIED AS MOOT, as the Court has held

4   that the Complaint fails to state a claim for violation of Section 1793.2(b). *See Lemke-Vega*, 2023

5   WL 3604318, at *5.

6       The Court now turns to Tesla's request to strike Nilsen's request for reimbursement of the

7   amount paid under the purchase agreement, and his prayer for incidental, consequential, and

8   general damages under the MMWA. The only basis Tesla offers for its request to strike is that

9   Nilsen has no grounds to bring his MMWA claim. The Court denied Tesla's motion to dismiss

10  Nilsen's MMWA claim above. Accordingly, Tesla's motion to strike Nilsen's requests for

11  reimbursement and incidental, consequential, and general damages under the MMWA is DENIED.

12  **IV.   ORDER**

13      For the foregoing reasons, IT IS HEREBY ORDERED that:

14      1.  Tesla's motion to dismiss Nilsen's claim for breach of express warranty under the

15          Song-Beverly Act (Claim 1) is GRANTED WITH LEAVE TO AMEND.

16      2.  Tesla's motion to dismiss Nilsen's claim for breach of the implied warranty of

17          merchantability under the Song-Beverly Act (Claim 2) is GRANTED WITH LEAVE

18          TO AMEND.

19      3.  Tesla's motion to dismiss Nilsen's claim for violation of California Civil Code §

20          1793.2(b) (Claim 3) is GRANTED WITH LEAVE TO AMEND.

21      4.  Tesla's motion to dismiss Nilsen's claim for violation of the Magnuson-Moss Warranty

22          Act (Claim 4) is DENIED.

23      5.  Tesla's motion to strike is DENIED.

24      Any amended complaint shall be filed by no later than **June 29, 2023**.

25  Dated:  May 31, 2023

26      _____

27      BETH LABSON FREEMAN
        United States District Judge

28