UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROALD NILSEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TESLA, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-07472-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO STRIKE**<br><br>[Re: ECF No. 34] |

This is a lemon law case involving an allegedly defective 2016 Tesla X that Plaintiff Roald Nilsen purchased in 2020. On May 21, 2023, the Court granted in part and denied in part Defendant Tesla, Inc's ("Tesla") Motion to Dismiss Nilsen's Complaint. ECF No. 31 ("Order"). Nilsen filed a First Amended Complaint ( ECF No. 33, "FAC") and Tesla moves to dismiss Claim One and Claim Three of the FAC under Rule 12(b)(6) and Strike Claim One under Rule 12(f). ECF No. 34 ("Mot") at 8. Nilsen has not filed an opposition to Tesla's motion. This matter is suitable for determination without oral argument. See Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is GRANTED and the motion to strike is DENIED.

**I.     BACKGROUND**

On February 3, 2020, Nilsen purchased a used 2016 Tesla X (the "Subject Vehicle"). FAC ¶ 8. Nilsen alleges that the Subject Vehicle was delivered to him with "with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, interior component defects, electrical defects, suspension system defects and other serious nonconformities to warranty." *Id.* ¶ 10. Nilsen brings three claims: (1) Violation of the Song-Beverly Act, California Civil Code § 1793.2(b); (2) Violation of the Magnuson-Moss Warranty Act; (3) Breach of Express Warranty Under California Commercial Code. Tesla moves to dismiss Claims One and Three and strike Claim One. *Id.* ¶ 32-79.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

### A. Violation of the Song-Beverly Act (Claim One)

Claim One is based on fourteen alleged repairs to the Subject Vehicle. The FAC alleges that Nilsen "delivered the Subject Vehicle to Tesla, Inc.'s authorized service representatives on multiple occasions" but "Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days." FAC ¶¶ 40-41. The Court previously dismissed identical claims. In an attempt to remedy the deficient pleading, the FAC additionally lists fourteen dates when Nilsen brought the Subject Vehicle to Tesla for repairs. FAC ¶¶ 11-24. The FAC notes that several of the repairs were for issues regarding the same parts of the vehicle. For example, the FAC alleges that on March 6, 2020, Nilsen brought the Subject Vehicle to Tesla for repairs to the "falcon doors and front passenger door." FAC ¶ 11. Nilsen then brought the Subject Vehicle back on June 17, 2020 for repairs to the "falcon door sensors." *Id.* ¶ 13. The FAC then claims that because "[t]his was the second presentation for defects in the falcon door system . . . the complaints from the March 6, 2020 presentation were not commenced within a reasonable time [and] the repairs from the March 6, 2020 presentation were not completed within 30-days." *Id.* Nilsen makes similar claims for other components that required multiple repairs. *See, e.g.*, *id.* ¶¶ 17-19, 21-24.

Tesla argues that the FAC is deficient because it "failed to plead . . . that Tesla took longer than 30 days to complete any single repair attempt." Mot. at 4. Tesla argues that Nilsen "has attempted to obfuscate this deficiency by confusingly and vaguely alleging, for example, 'the ***repairs*** from the January 17, 2021 presentation were not completed within 30-days' or 'the ***repairs*** from the April 4, 2022 presentation were not completed within 30-days.'" *Id.* (quoting FAC ¶¶ 15, 21).

Nilsen does not oppose Tesla's motion.

The Court agrees with Tesla. "[U]nder any reasonable reading of the statute, § 1793.2(b) requires only that [the defendant] complete any single repair attempt within 30 days." *Schick v. BMW of N. Am., LLC*, 801 F. App'x 519, 521 (9th Cir. 2020); *Ortega v. BMW of N. Am., LLC*, No. 2:18-CV-06637-RSK, 2019 WL 9044692, at *4 (C.D. Cal. Oct. 16, 2019) (finding that more than thirty days between repair attempts for the same defect does not violate Section 1793.2(b) of the

3

1    Act because a manufacturer violates this provision only when a single repair attempt takes more
2    than thirty days to complete).

3          The FAC alleges that Nilsen "delivered the Subject Vehicle to [Tesla's] authorized service
4    representatives on multiple occasions" and that Tesla's "authorized facilities did not conform the
5    Subject Vehicle to warranty within 30-days" and "failed commence repairs within a reasonable
6    time." FAC ¶¶ 39-41. The FAC also includes the dates Nilsen took the vehicle in for repairs and
7    alleges that certain problems persisted. *Id.* ¶¶ 11-24. But the FAC does not state how long any of
8    the individual repairs took, nor does it allege that separate visits (listed individually in paragraphs
9    11-24) constitute a single repair. It is not enough that Nilsen alleges several different visits to
10   repairs the same general component; these visits must be the same "single repair attempt." *Schick*,
11   801 F. App'x at 521.

12         The Court finds that the FAC does not allege that any individual repair attempt was not
13   completed within 30 days. Accordingly, the FAC fails to state a claim for violation of Section
14   1793.2(b). The Court GRANTS Tesla's motion to dismiss Claim One and DENIES Tesla's
15   motion to strike Claim One as moot.

16         **B.**    **Breach of Express Warranty (Claim Three)**

17         Nilsen previously requested that he be permitted to include claims under the California
18   Commercial Code in an amended pleading, which Tesla did not oppose. Order at 9. The Court
19   allowed Nilsen to include such claims in its amended pleading. *Id.*

20         The FAC alleges that "[t]he act and/or omissions of Defendant, in failing to perform the
21   proper repairs, part replacements, and/or adjustments, to conform the Subject Vehicle to the
22   applicable express warranties constitute a breach of the express warranties that Defendant
23   provided, thereby Defendant's obligations; including, but not limited to, Defendant's obligations
24   to Plaintiff under section 2-313 of the California Commercial Code." FAC ¶ 76.

25         Tesla argues that § 2607 of the California Commercial Code bars Claim Three for breach
26   of express warranty. Under § 2607, a "buyer must, within a reasonable time after he discovers or
27   should have discovered any breach, notify the seller of breach or be barred from any remedy."
28   Cal. Comm. Code § 2607; *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) ("To

1    avoid dismissal of a breach of contract or breach of warranty claim in California, '[a] buyer must
2    plead that notice of the alleged breach was provided to the seller within a reasonable time after
3    discovery of the breach.'"). Tesla argues that Nilsen "fails to allege in the FAC that he provided
4    pre-suit notice to Tesla regarding an alleged breach of an express warranty within a reasonable
5    time after he discovered the breach" and "fails to state the date that he discovered the alleged
6    breach" and is therefore "barred from any remedy under § 2607." Mot. at 7.

7    Tesla also argues that the FAC does not plead the material facts required under the federal
8    pleading standard. Tesla claims that "[e]ssential facts required for a breach of express warranty,
9    i.e., a guarantee, and a breach of that guarantee, as well as dates of the alleged breach and notice,
10   are nonexistent." Mot. at 7. Tesla adds that "the FAC is completely devoid of any facts to plead
11   Plaintiff's breach of warranty cause of action under the California Commercial Code. *Id.* (citing
12   FAC ¶¶ 71-79). Tesla claims that the FAC does not contain allegations relating to the "specific
13   issues Plaintiff allegedly experienced with the vehicle or its parts, when the alleged issues
14   occurred and/or manifested, the repairs attempted, the length of each service visit, the repairs
15   performed, and/or damages resulting of such claims." *Id.* at 7.

16   Nilsen does not oppose Tesla's motion.

17   The Court is not familiar with "section 2-313 of the California Commercial Code" (FAC
18   ¶¶ 76-77) but assumes that Nilsen means § 2313 of the California Commercial Code, which
19   largely adopts § 2-313 of the UCC. Nonetheless, the Court agrees with Tesla that Nilsen must
20   allege pre-suit notice before bringing a breach of express warranty claim. Cal. Comm. Code §
21   2607; *Alvarez*, 656 F.3d at 932.

22   The Court finds that the FAC does not allege pre-suit notice. Accordingly, the FAC fails
23   to state a claim for breach of express warranty under § 2313. The Court GRANTS Tesla's motion
24   to dismiss Claim Three.

25   **C.   Leave to Amend**

26   The Court addresses the five *Foman* factors: (1) undue delay, (2) bad faith or dilatory
27   motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the
28   opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052.

The first four factors weigh only slightly towards dismissal without leave to amend. The Court does not find any undue delay or bad faith by Nilsen, nor does that Court find that Tesla would experience undue prejudice if Nilsen was given leave to amend (factors one, two, and four). As to factor three, Nilsen has shown some failure to cure deficiencies by amendment. While Nilsen has only amended his complaint once, the Court notes that he provided scant additional detail about the repairs (Claim One, *see* FAC ¶¶ 11-24) and does not address pre-suit notice (Claim Three), a basic prerequisite to § 2313 claims. These four factors alone do not necessitate dismissal without leave to amend.

But the Court finds that the fifth *Foman* factor, futility of amendment, alone warrants dismissal without leave to amend. Nilsen did not oppose Tesla's motion to dismiss. Having failed to demonstrate that he could allege additional facts to cure the deficiencies, the Court has no basis upon which to find that amendment would not be futile. The Court dismisses Claim One and Claim Three WITHOUT LEAVE TO AMEND.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Tesla's Motion to Dismiss Claim One for Violation of California Civil Code § 1793.2(b) is GRANTED WITHOUT LEAVE TO AMEND.
2. Tesla's Motion to Dismiss Claim Three for Breach of Express Warranty Under the California Commercial Code is GRANTED WITHOUT LEAVE TO AMEND.
3. Tesla's Motion to Strike Claim One is DENIED as moot.

The case will go forward on Claim Two, Violation of the Magnuson-Moss Warranty Act.

Dated: November 6, 2023

_____
BETH LABSON FREEMAN
United States District Judge