UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROALD NILSEN,<br><br>   Plaintiff,<br><br> v.<br><br>TESLA, INC.,<br><br>   Defendant. | Case No. 22-cv-07472-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF No. 45] |

This is a lemon law case involving an allegedly defective 2016 Tesla X purchased by Plaintiff Roald Nilsen 2020. Defendant Tesla Inc. ("Tesla") has filed a motion for summary judgment on Plaintiff's sole remaining claim for violation of the Magnusson-Moss Warranty Act ("MMWA"). ECF No. 45 ("Mot."); ECF No. 49 ("Reply"). Nilsen opposes. ECF No. 47 ("Opp."). For the reasons described below, the Court GRANTS Defendant's motion.

## I. BACKGROUND

On February 3, 2020, Nilsen purchased a used 2016 Tesla X. ECF No. 33 ("FAC") ¶ 8. Nilsen alleges that the vehicle was delivered to him with "serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, interior component defects, electrical defects, suspension system defects." *Id.* ¶ 10.

Tesla previously filed two motions to dismiss. In its first motion to dismiss order, the Court granted dismissal of three of the four claims alleged in Plaintiff's Complaint, ECF No. 1 ("Compl."), breach of express warranty under the Song-Beverly Act, breach of implied warranty under the Song-Beverly Act, and violation of the Song-Beverly Act, California Civil Code § 1793.2(b). ECF No. 31 ("1st MTD Order"). The Court denied Defendant's motion to dismiss claim four for violation of the MMWA. *Id.* In its second motion to dismiss order, the Court

1    granted dismissal of claims one and three for violation of the Song-Beverly Act, California Civil
2    Code § 1793.2(b) and Breach of Express Warranty Under California Commercial Code.  ECF No.
3    38 ("2nd MTD Order").  Defendant did not move to dismiss claim two of the FAC, which was
4    again for violation of the MMWA.  The sole remaining claim in the First Amended Complaint is
5    for violation of the MMWA.  FAC ¶¶ 50–70.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary judgment is appropriate if the evidence and all reasonable inferences in the light most favorable to the nonmoving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The current version of Rule 56 authorizes a court to grant "partial summary judgment" to dispose of less than the entire case and even just portions of a claim or defense.  *See* Fed. R. Civ. Proc. advisory committee's note, 2010 amendments; *Ochoa v. McDonald's Corp.*, 133 F.Supp.3d 1228, 1232 (N.D. Cal. 2015).

The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  In judging evidence at the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial."  *House v. Bell*, 547 U.S. 518, 559–60 (2006).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Celotex*, 477 U.S. at 325; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  By contrast, where the moving party does not have the burden of proof on an issue at trial,

it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250 (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). If the nonmoving party's "evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted). Mere conclusory, speculative testimony in affidavits and moving papers is also insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving party]." *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).

## III. DISCUSSION

The Magnuson-Moss Warranty Act ("MMWA") provides a cause of action for express and implied warranty claims under state law. 15 U.S.C. § 2310; *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1032 (9th Cir. 2020). Specifically, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . ." 15 U.S.C. § 2310(d).

Defendant argues that "Plaintiff's MMWA claim fails because he has no remaining underlying claim on which to base his MMWA cause of action." Mot. at 7. Plaintiff responds that "The foreclosure of a plaintiff's substantive claims under the SBA does not also preclude plaintiffs from pursuing remedies available under the SBA." Opp. at 6.

Magnuson-Moss Warranty Act claims "hinge on the state law warranty claims." *See*

3

1  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008) (citing *Schimmer v.*
2  *Jaguar Cars*, Inc., 384 F.3d 402, 405 (7th Cir.2004)).  Put another way, an MMWA claim will
3  "stand or fall with [the] express and implied warranty claims under state law."  *Id.*; *Ngo v. BMW of*
4  *N. Am., LLC*, 23 F.4th 942, 945 (9th Cir. 2022); *Daugherty v. Am. Honda Motor Co.*, 144 Cal.
5  App. 4th 824, 833 (2006), *as modified* (Nov. 8, 2006) ("the trial court correctly concluded that
6  failure to state a warranty claim under state law necessarily constituted a failure to state a claim
7  under Magnuson–Moss").  As the Ninth Circuit explained in *Birdsong v. Apple, Inc.*,

> The substantive elements are the same under the Song–Beverly Act and Magnuson–Moss Act.  Under both, the court applies state warranty law. . . . [C]laims under [the Song-Beverly Act and Magnuson-Moss Act] require the plaintiffs to plead successfully a breach of state warranty law.

11  590 F.3d 955, 958 n.2 (9th Cir. 2009); *see also Ng v. Nissan N. Am., Inc.*, No. 23-CV-00875-
12  AMO, 2023 WL 9150275, at *3 (N.D. Cal. Dec. 27, 2023) (dismissing MMWA claim because the
13  plaintiffs "failed to state a claim under the [Song-Beverly Act]").

14        Plaintiff's sole remaining claim alleges violations of the Song-Beverly Act and breach of
15  express warranty under the MMWA.  *See* FAC ¶¶ 50–70.  The claim incorporates by reference
16  every allegation in claim one of the First Amended Complaint for violation Song-Beverly Act §
17  1793.2(b).  *Id.* ¶ 50; 2nd MTD Order at 6.  The claim then lists several definitions, including
18  "express warranties."  FAC ¶¶ 51–58.  The claim then lists several alleged defects that do not
19  conform with the express warranty or the Song-Beverly Act.  FAC ¶¶ 59–65; *see id.* ¶ 61 (alleged
20  defects and nonconformities manifested themselves "within the applicable express warranty
21  period"), ¶ 63 ("Tesla, Inc. was unable to conform Plaintiff's vehicle to the applicable express
22  warranties within a reasonable time"), ¶ 64 (Tesla's failed to act "in accordance with the Song-
23  Beverly Act"), ¶ 65 (Tesla "breached the express warranties").  The claim then lists the remedies
24  sought under the MMWA.  *Id.* ¶¶ 66–70.  Thus, because Plaintiff's remaining claim alleges breach
25  of express warranty and violation of Song-Beverly Act § 1793.2(b), the claim will rise or fall with
26  those state law claims (claim two does not appear to allege breach of implied warranty).

27        As discussed above, the Court dismissed each of Plaintiff's state law claims for breach of
28  express warranty, breach of implied warranty, and violation of the Song-Beverly Act.  1st MTD

1  Order at 10; 2nd MTD Order at 6.  In its first motion to dismiss order, the Court granted dismissal
2  of claims one, two, and three of Plaintiff's Complaint with leave to amend: (1) claim one for
3  breach of express warranty under the Song-Beverly Act; (2) claim two for breach of implied
4  warranty under the Song-Beverly Act; (3) claim three for violation of the Song-Beverly Act,
5  California Civil Code § 1793.2(b).  1st MTD Order at 10.  The Court denied Defendant's motion
6  to dismiss only for claim four (now claim two of the First Amended Complaint, and Plaintiff's
7  only remaining claim) for violation of the MMWA on the grounds that failure to plead compliance
8  with the consumer dispute settlement process was not fatal to the pleading.  *Id.* at 8.  No other
9  basis for dismissal was argued.  In its second motion to dismiss order, the Court granted dismissal
10 of claims one and three of the First Amended Complaint without leave to amend: (1) claim one for
11 violation of the Song-Beverly Act, California Civil Code § 1793.2(b); and (2) claim three for
12 breach of express warranty under California Commercial Code.  2nd MTD Order at 6.  The only
13 claim remaining before the Court is claim two of the First Amended Complaint for violation of the
14 MMWA.

15 As discussed above, this claim depends solely on express warranty claims, and Song-
16 Beverly Act claims (including violation of § 1793.2(b)), each of which the Court has dismissed.
17 Thus, Plaintiff's corresponding claim for violation of the MMWA fails as a matter of law.
18 *Birdsong*, 590 F.3d at 958 n.2 (9th Cir. 2009) ("Thus, because we conclude that the plaintiffs have
19 failed to state a claim for breach of an express or implied warranty, their claims under [the Song-
20 Beverly Act and Magnuson-Moss Act] are properly dismissed.").

21 Plaintiff claims that the MMWA is more expansive than state law, but his authority is
22 unpersuasive.  Plaintiff relies on *Brilliant v. Tiffin Motor Homes*, where the court wrote, "the fact
23 that plaintiffs would not be able to maintain a separate cause of action under Song-Beverly is not
24 fatal to their claim under Magnuson-Moss."  2010 WL 2721531, *3 (N.D. Cal. 2010).  But the
25 Court cannot reconcile this language with the binding authority in *Clemens* and *Ngo* that the
26 MMWA claims "stand or fall" with the state law claims.  *Clemens*, 534 F.3d at 1022 n.3; *Ngo*, 23
27 F.4th at 945.  Neither can several other Courts in this circuit.  *See Ng*, 2023 WL 9150275, at *3
28 (collecting cases following *Clemens*); *see also id.* ("Plaintiffs rely heavily on [*Brilliant*], and urge

the Court to allow Plaintiffs to pursue SBA remedies through the MMWA even though Plaintiffs have no SBA claim. Considering the other binding and persuasive authority discussed, the Court does not find *Brilliant* persuasive.") (citations omitted).

Plaintiff also points to *Romo v. FFG Ins. Co.*, which states, "there is nothing to support the notion . . . that the Magnuson–Moss Act adopts the substance of underlying state law," and "it would frustrate congressional purpose to circumscribe the scope of [the MMWA's protections] because state law is less expansive." 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005). That *Romo* found no support for the prospect that the MMWA "adopts the substance of underlying state law" carries little weight because *Romo* pre-dates *Clemens*, which provides not just support, but binding authority that MMWA claims and state law claims "stand or fall" together. *Clemens*, 534 F.3d at 1022 n.3.

Thus, the Court finds that because Plaintiff's state law claims have all been dismissed, his MMWA claim based on those claims also fails as a matter of law.

Defendant makes several other arguments in its motion: that Tesla did not give Plaintiff a warranty, that there is no evidence the Subject Vehicle failed to conform to the alleged warranty, that Plaintiff did not submit the required prelitigation claim, that Plaintiff cannot "rescind his purchase" because he has no privity with Tesla, and that Plaintiff does not plead any recoverable damages. Because the Court finds that the MMWA claim fails as a matter of law, it need not address these arguments.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for summary judgment on claim 2 for violation of Magnuson-Moss Warranty Act is GRANTED.

Dated: June 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge

6